JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NASHALY AZOR

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103; 267-273-1054

## DEFENDANTS

HIBISCUS CAFE LIMITED LIABILITY COMPANY and EARL YOUNG

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. § 201, et seq. and 42 U.S.C. § 2000e, et seq.

Brief description of cause:
FAILURE TO PAY MINIMUM WAGE, FAILURE TO PAY OVERTIME COMPENSATION, SEXUAL HARASSMENT, SEX DISCRIMINATION, HOSTI

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: Nov 3, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: 4907 Catharine Street, Philadelphia, PA 19143

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:_________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NASHALY AZOR<br>2047 S Croskey Street<br>Philadelphia, PA 19145<br><br>Plaintiff,<br><br>v.<br><br>HIBISCUS CAFE LIMITED LIABILITY COMPANY d/b/a HIBISCUS CAFE<br>802 William Leigh Drive<br>Tullytown, PA 19007<br><br>and<br><br>EARL YOUNG<br>4907 Catharine Street, Apt. 2<br>Philadelphia, PA 19143<br>Defendant. | CIVIL NO. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Nashaly Azor ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Hibiscus Cafe Limited Liability Company d/b/a Hibiscus Cafe ("Defendant Cafe") and Defendant Earl Young ("Defendant Young") (collectively "Defendants"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendants improperly failed to pay her for all hours worked, in addition to all hours worked over forty (40) in a workweek, pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.*

2. In addition, Plaintiff further initiates this action contending Defendant Cafe violated Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*. Specifically, Plaintiff contends that Defendant Cafe subjected her to differential treatment on the basis of her sex, subjected her to a hostile work environment because of her sex, retaliated against her because of her good-faith reports of sexual harassment to which she was subjected by Defendant Cafe, retaliated against her because of her complaints of being subjected to disparate pay practices because of her sex, and constructively discharged her from employment in retaliation for her complaints in connection to thereto.

3. Finally, Plaintiff brings claims of assault and battery, as well as intentional infliction of emotional distress against Defendant Young.

## PARTIES

4. Plaintiff, Nashaly Azor, is a citizen of the United States and the Commonwealth of Pennsylvania, currently residing at 2047 S Croskey Street, Philadelphia, PA 19145.

5. Upon information and belief, Defendant Cafe is a for-profit limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 4907 Catharine Street, Philadelphia, PA 19143.

6. Upon information and belief, Defendant Young is an individual and citizen of the Commonwealth of Pennsylvania, where he resides at 4907 Catharine Street, Apt. 2, Philadelphia, PA 19143.

7. Upon information and belief, Defendant Young is the sole Member of Defendant Cafe and responsible for running day-to-day operations of Defendant Cafe for the relevant period

and was responsible for paying Plaintiff wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

8. Defendant Cafe is a "private employer" and covered by the FLSA.

9. Plaintiff was employed by Defendant Cafe during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

10. At all times relevant hereto, Defendant Cafe acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant Cafe.

## JURISDICTION AND VENUE

11. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

12. On or about September 9, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2025-10309. Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

13. On August 25, 2026, the EEOC issued a Determination of Reasonable Cause in Plaintiff's favor.

14. By correspondence dated September 29, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

15. This action is further authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

17. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, as those claims arise out of the same common nucleus of operative facts as her federal claims.

18. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

19. Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20. Plaintiff first began her employment with Defendant Cafe on or about January 2, 2024, in the position of Supervisor.

21. Prior thereto, Plaintiff would visit Defendant Cafe as a customer, and Defendant Young asked whether Plaintiff had any interest in working for Defendant Cafe.

22. Eventually, Plaintiff accepted Defendant Young's job offer and soon began working for Defendant Cafe.

### Factual Allegations Related to Plaintiff's Claims Under the FLSA and PMWA

23. Paragraphs 1 through 22 are hereby incorporated by reference as though the same were fully set forth at length herein.

24. At all times material hereto, Plaintiff worked out of Defendant Cafe's Philadelphia, Pennsylvania location.

25. At all times material hereto, Plaintiff was an employee of Defendants.

26. Defendants substantially controlled the manner to which Plaintiff was expected to adhere to in performing the necessary functions of her job.

27. Plaintiff used materials and/or equipment provided by Defendants to perform the necessary functions of her job.

28. Plaintiff's employment with Defendants was indefinite, with no foreseeable expiration of their working relationship.

29. Plaintiff's employment was integral to Defendants' business, in that it directly affected Defendants' ability to generate income.

30. By way of background, despite Plaintiff being an employee of Defendants, Defendants did not pay Plaintiff.

31. To clarify, rather than compensate Plaintiff, Defendant Young occasionally deposit money into Plaintiff's personal bank account, at his discretion, and on an as needed and/or as requested basis to cover Plaintiff's bills and/or expenses.

32. The deposits made by Defendant Young into Plaintiff's personal bank account were unrelated to her employment with Defendants.

33. Accordingly, Defendants did not pay Plaintiff for any hours worked each week.

34. As a Supervisor, Plaintiff took on a number of different responsibilities. Plaintiff was required to perform manual labor, open and/or close Defendant Cafe, be available on-call to

cover shifts, perform customer service duties, contribute to Defendant Cafe's social media page, as well as limited administrative functions of a largely clerical nature.

35. By way of background, Plaintiff routinely performed a total of 50 hours of work for each workweek, if not more.

36. For example, the week of January 4, 2024 through January 10, 2024, Plaintiff worked approximately 51 hours, but was not compensated for any hours worked, or at 1.5 times her regular rate of pay for all hours worked over 40 hours.

37. Critically, Plaintiff was not compensated for any hours worked for each workweek.

38. In addition, Plaintiff was not compensated at 1.5 times her regular rate of pay for all hours worked over 40 hours for each workweek.

39. Plaintiff did not have the authority to formulate, implement, or otherwise deviate from Defendants' pre-established policies or operating practices, but instead performed her job duties subject to specific instructions and/or guidelines provided by Defendant Young.

40. As such, Plaintiff's primary job duties did not include the performance of work requiring advance knowledge and the consistent exercise of discretion and judgment.

41. Moreover, Plaintiff did not have the authority to commit Defendants in matters having significant financial impact, nor did she have the authority to negotiate or otherwise bind Defendants with respect to matters of significance.

42. Accordingly, Plaintiff did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA while she was employed in the position of Supervisor.

43. Moreover, in the role of Supervisor, Plaintiff's job did not involve any managerial responsibilities, nor did Plaintiff have any employees reporting to her or to whom she regularly

gave direction. Furthermore, Plaintiff did not have the authority to hire or fire other employees, nor did she make any suggestions or recommendations regarding hiring or employee status changes to which Defendants lent significant weight.

44. Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA/PMWA while she was employed in the role of Supervisor.

45. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff in her role as Supervisor.

46. From on or about January 2, 2024 to on or about May 2, 2025, Plaintiff generally worked approximately 50 hours per week.

47. Despite the fact Plaintiff regularly worked over 40 hours per week, Plaintiff did not receive compensation for any hours worked per week and/or overtime compensation at 1.5 times her regular rate of pay for all work performed in excess of 40 hours per week. Rather, Plaintiff occasionally had money deposited into her account by Defendant Young, at his discretion.

48. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants.

49. Defendants failed to pay Plaintiff for any hours worked per workweek and/or at a rate of 1.5 times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

50. As a result of Defendants' illegal actions, Plaintiff has suffered damages.

## **Factual Allegations Related to Plaintiff's Claims Under Title VII, the PHRA, Assault and Battery, and Intentional Infliction of Emotional Distress**

51. Paragraphs 1 through 50 are hereby incorporated by reference as though the same were fully set forth at length herein.

52. Immediately following Plaintiff's hire, as a condition of her employment, Defendant Young required that Plaintiff break up with her then boyfriend, and due to the fear of retaliation and/or termination had she refused, Plaintiff complied.

53. A few weeks later, on or about February 20, 2024, Defendant Young asked that Plaintiff move in with him.

54. At that same time, Defendant Young, and Defendant Cafe by proxy, stopped compensating Plaintiff and would instead pay some of her bills, at Defendant Young's discretion and/or on an as needed basis.

55. As such, Plaintiff became financially dependent on Defendant Young.

56. However, it quickly became apparent that this was in exchange for what could only be described as a quid pro quo sexual relationship with Defendant Young.

57. Given Defendant Young's position of authority over Plaintiff, this quid pro quo sexual relationship constituted impermissible sexual harassment under Title VII and the PHRA.

58. As a result of Defendant Young's failure to compensate Plaintiff, Plaintiff had no source of income, Plaintiff could not pay her bills, and Plaintiff needed a place to live, and as such, Plaintiff was forced into a relationship with Defendant Young.

59. Specifically, Plaintiff was forced to reciprocate in kind to Defendant Young's sexual expectations out of fear for the potential financial consequences had she refused.

60. Furthermore, from the time Plaintiff began living with Defendant Young until her constructive discharge from employment on or about May 2, 2025, Plaintiff was subjected to numerous instances of verbal abuse, threats, and misogynistic behavior.

61. As a result of the above, Plaintiff began complaining to Defendant Young of his failure to provide her with compensation on a monthly basis, knowing receiving some kind of income was the only way she would be able to leave Defendant Young's abuse.

62. However, in response, Defendant Young would become combative, rude, and aggressive towards Plaintiff, and would continue refusing to provide Plaintiff with her paychecks.

63. Notably, Defendant Young did not fail to provide Defendant Cafe's male employees with their compensation at any point during their employment.

64. As such, it becomes apparent that Defendant Young was using Plaintiff's sex and/or financial dependency as contributing factors when deciding to subject Plaintiff to sexually-discriminatory pay practices by depriving Plaintiff of her compensation throughout her employment.

65. In addition to the aforementioned, Plaintiff was being forced to endure a hostile and sexually harassing work environment due to Defendant Cafe's other employees as well.

66. By way of example, on or about March 7, 2025, while speaking on the phone with Defendant Young, Plaintiff walked into Defendant Cafe's back room and witnessed Defendant Cafe's Head Chef, Pedro LNU (Last Name Unknown), with his pants pulled down on Defendant Cafe's sofa; Pedro LNU appeared to be masturbating.

67. Despite notifying Defendant Young of Pedro LNU's behavior, Defendant Young took no remedial and/or corrective action in response to Plaintiff's complaint.

68. Prior thereto, Plaintiff had reported sexually harassing conversations that Defendant's Cook, Christina LNU, and Pedro LNU would engage in throughout the workday to Defendant Young.

69. Similarly, Defendant Young took no remedial and/or corrective action in response.

70. As such, Plaintiff was being forced to endure offensive conduct as a condition for continued employment with Defendant Cafe, which was sufficiently severe and pervasive to alter the terms and conditions of her employment.

71. Although Plaintiff made good faith complaint(s) to Defendant Young to stop Pedro LNU, Christina LNU, and/or his own discriminatory, hostile, and sexually harassing behavior, Defendant Cafe failed to take any remedial and/or corrective action.

72. As a result, Defendant Cafe thereby implicitly sanctioned the discriminatory, hostile, and sexually harassing behavior Plaintiff was being subjected to, with complete disregard for her safety or well-being.

73. Then, on or about May 2, 2025, Plaintiff was constructively discharged from employment due to Defendants' sexually-discriminatory pay practices, the sexual harassment to which she was subjected while working for Defendant Cafe, and Defendant Cafe's failure to take remedial and/or corrective action in response to Plaintiff's complaints of sufficiently severe and/or pervasive sexual-charged behavior.

74. In light of the foregoing, it is believed, and therefore averred, that Defendant Cafe discriminated against Plaintiff because of her sex and subjected Plaintiff to disparate pay practices in connection thereto, in violation of Title VII and the PHRA.

75. It is further believed and therefore averred, that Plaintiff was constructively discharged from employment on the basis of her sex, in retaliation for her good-faith reports of sexual harassment to which she was subjected by Defendant Cafe, and in retaliation for her complaints of being subjected to disparate pay practices because of her sex, in violation of Title VII and the PHRA.

76. Lastly, it is also believed, and therefore averred, that Plaintiff was forced to participate in a quid pro quo sexual relationship, in violation of Title VII and the PHRA.

77. As a result of the sexually hostile work environment to which she was subjected and the quid pro quo sexual relationship she was forced to endure, Plaintiff has suffered damages in the form of, *inter alia*, emotional distress and humiliation, which altered the conditions of her employment and resulted in an abusive working environment.

78. The person subjecting Plaintiff to the quid pro quo sexual relationship was Defendant Young, the sole Member of Defendant Cafe, thus placing Defendant Cafe on notice.

79. As a result, Defendant Cafe thereby implicitly sanctioned the quid pro quo sexual relationship Plaintiff was forced into, with complete disregard for Plaintiff's safety or well-being.

80. Plaintiff was forced to endure offensive conduct as a condition of her employment with Defendants, which was sufficiently severe or pervasive to alter the terms and conditions of her employment.

81. As a result of Defendant Young's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

82. As a result of Defendant Young's conduct and comments, Plaintiff was caused to sustain serious and personal injuries, including permanent psychological injuries.

83. Defendants' conduct was sufficiently severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive, and which interfered with Plaintiff's ability to do her job such that Plaintiff's choice to resign was void of choice or free will.

84. Plaintiff made good-faith complaints to Defendants to stop the sexually charged behavior. However, Defendants failed to take appropriate remedial action and retaliated against

Plaintiff by implicitly sanctioning the inappropriate behavior done to Plaintiff, with complete disregard for Plaintiff's well-being.

85. Additionally, as a result of the above-referenced conduct and failure to remedy the ongoing sexual harassment and the hostile work environment, Plaintiff was constructively discharged because of her sex, the ongoing sexual harassment, the hostile work environment, the sex-based disparate pay practices, and her complaints in connection thereto.

86. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY MINIMUM WAGE**
**(Against all Defendants)**

87. Paragraphs 1 through 86 are hereby incorporated by reference as though the same were fully set forth at length herein.

88. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for each hour worked in a workweek.

89. According to the policies and practices of Defendants, Plaintiff was required to work at least forty (40) hours per week.

90. Despite working at least forty (40) hours per week, Plaintiff was denied compensation for any hours worked each workweek in violation of the FLSA.

91. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

92. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

93. Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation to Plaintiff for compensable hours worked;

B. Awarding Plaintiff back pay wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**

**43 P.S. § 333, *et seq.***
**FAILURE TO PAY MINIMUM WAGE**
**(Against All Defendants)**

94. Paragraphs 1 through 93 are hereby incorporated by reference as though the same were fully set forth at length herein.

95. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

96. By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay compensation for all hours worked by Plaintiff.

97. As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation in an amount to be determined at trial, and is entitled to recovery of such amount, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
**(Against All Defendants)**

98. Paragraphs 1 through 97 are hereby incorporated by reference as though the same were fully set forth at length herein.

99. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

100. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

101. According to the policies and practices of Defendants, Plaintiff was required to work in excess of 40 hours per week. Despite working in excess of 40 hours per week, Plaintiff was denied overtime compensation at 1.5 times her regular rate of pay, for all compensable work performed in excess of 40 hours per week in violation of the FLSA.

102. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

103. Defendants actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

104. Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of 40 hours per week;

B. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
**(Against All Defendants)**

105. Paragraphs 1 through 104 are hereby incorporated by reference as though the same were fully set forth at length herein.

106. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

107. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of 40 hours in a workweek. See 43 P.S. § 333.113.

108. By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

109. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT V.**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII").**
**42 U.S.C. § 2000e, *et seq*.**
**SEXUAL HARASSMENT, SEX DISCRIMINATION, HOSTILE WORK ENVIRONMENT, RETALIATION**
**(Against Defendant Hibiscus Cafe Limited Liability Company d/b/a Hibiscus Cafe Only)**

110. Paragraphs 1 through 109 are hereby incorporated by reference as though the same were fully set forth at length herein.

111. At all times material hereto, Defendant Cafe employed at least 15 employees at its various locations.

112. Plaintiff is a woman and as such is a member of a class protected under Title VII from unlawful discrimination because of sex.

113. Immediately after Plaintiff's hire, Defendant Young, the sole Member of Defendant Cafe, forced Plaintiff to enter into a quid pro quo sexual relationship with him.

114. Additionally, Defendant Cafe's employees exposed Plaintiff to sexually hostile and harassing behavior.

115. Defendant Cafe knew or should have known of the harassment Plaintiff experienced, but failed to act to prevent and/or remedy the harassment.

116. The aforementioned sexual harassment has adversely affected Plaintiff's psychological well-being and unreasonably interfered with Plaintiff's work performance.

117. Defendant Cafe took tangible employment action against Plaintiff in the form of constructive discharge from employment because of Plaintiff's sex, in violation of Title VII.

118. Defendant subjected Plaintiff to and/or otherwise permitted the existence of a hostile work environment because of her sex in violation of Title VII.

119. Defendant Cafe retaliated against Plaintiff for making good faith reports of sexual harassment by implicitly sanctioning the inappropriate behavior done to Plaintiff.

120. Additionally, as a result of the above-referenced conduct and failure to remedy the ongoing sexual harassment and the hostile work environment, Plaintiff was constructively

discharged because of her sex, the ongoing sexual harassment, the hostile work environment, and her complaints in connection thereto.

121. As a direct and proximate result of Defendant Cafe's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff has and is suffering significant mental, emotional, psychological, physical, and economic damages, including, but not limited to, loss of income, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant Cafe, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Cafe, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant Cafe for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interests in an appropriate amount;

E. Such other further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT VI
## THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")

**43 P.S. § 951, *et seq.***
**SEX DISCRIMINATION/SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT, RETALIATION**
**(Against Defendant Hibiscus Cafe Limited Liability Company d/b/a Hibiscus Cafe Only)**

122. Paragraphs 1 through 121 are hereby incorporated by reference, as though the same were fully set forth at length herein.

123. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant Cafe, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Cafe, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT VII**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII").**
**42 U.S.C. § 2000e, *et seq.***
**DISPARATE PAY PRACTICES**
**(Against Defendant Hibiscus Cafe Limited Liability Company d/b/a Hibiscus Cafe Only)**

124. Paragraphs 1 through 123 are hereby incorporated by reference as though the same were fully set forth at length herein.

125. Upon information and belief, Defendant Cafe employed over fifteen (15) employees at all times relevant hereto.

126. Plaintiff is a female and, as such, is a member of a protected class.

127. At all times material hereto, Plaintiff was qualified for her position with Defendant Cafe.

128. Defendant Café subjected Plaintiff to and/or otherwise permitted the existence of a discriminatory and hostile work environment because of her sex in violation of Title VII.

129. Defendant Cafe engaged in discriminatory behavior toward Plaintiff on the basis of her gender.

130. Ultimately, Defendant Cafe took tangible employment action against Plaintiff in the form of disparate pay practices because of her sex and/or gender, in violation of Title VII.

131. Defendant Cafe acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

132. Because of Defendant Cafe's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, inter alia, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendant Cafe, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Cafe, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant Cafe for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT VIII**
**THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")**
**43 P.S. § 951, *et seq.***
**DISPARATE PAY PRACTICES**
**(Against Defendant Hibiscus Cafe Limited Liability Company d/b/a Hibiscus Cafe Only)**

133. Paragraphs 1 through 132 are hereby incorporated by reference, as though the same were fully set forth at length herein.

134. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant Cafe, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Cafe, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT IX**
**ASSAULT AND BATTERY**
**(Against Defendant Young Only)**

135. Paragraphs 1 through 134 are hereby incorporated by reference as though the same were fully set forth at length herein.

136. The facts previously outlined constitute the state tort of assault and battery resulting in injury.

137. Defendant Young did assault and batter Plaintiff and cause unwelcome contact.

138. Plaintiff was not in a position to consent to the contact and the contact was offensive to Plaintiff.

139. As a result of Defendant Young's conduct, Plaintiff suffered damages, including, but not limited to, emotional distress and trauma, fear of physical touching, pain and suffering, loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant Young, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Young, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B. Compensatory damages for emotional distress, humiliation, and damage to professional reputation in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT X**
**INTENTIONAL INFLICTION OF EMOTINOAL DISTRESS**
**(Against Defendant Young Only)**

140. Paragraphs 1 through 139 are hereby incorporated by reference as though the same were fully set forth at length herein.

141. That as a direct and proximate result of the extreme, outrageous, and reckless conduct of Defendant Young, Plaintiff has suffered, and continues to suffer, from severe emotional distress, emotional distress, mental anguish, bodily harm, psychological trauma, shame, humiliation, fright, horror, grief, anger, disappointment, worry, and pain and suffering, and had instilled in her mind an immediate and permanent sense of fear and trepidation and the conduct, acts, and omissions surpass all bounds of decency universally recognized in a civilized society.

142. That as a direct and proximate and proximate result of the extreme, outrageous, and reckless conduct of Defendant Young, Plaintiff has suffered the damages alleged herein.

143. That Defendant Young's acts of forcing Plaintiff to engage in a quid pro quo sexual relationship Plaintiff were not negligent but were intentional, wanton, and willful and which constituted willful misconduct in that he intended to bring about the result which followed and which was substantially certain to follow.

144. That said conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.

145. As a result of Defendant Young's conduct, Plaintiff suffered damages, including, but not limited to, emotional distress and trauma, fear of physical touching, pain and suffering, loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant Young, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Young, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B. Compensatory damages for emotional distress, humiliation, and damage to professional reputation in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as the Court deems just and equitable under the circumstances.

**JURY DEMAND**.

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/Mary Kramer*
Mary Kramer, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: November 3, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.